# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>CARLOS ORTIZ COLÓN<br>MARIBEL RODRÍGUEZ RÍOS<br><br>Debtors | Case No. 19-01384 (ESL Ch. 11) |
| IN RE:<br><br>VAQUERÍA ORTIZ RODRÍGUEZ, INC.,<br><br>Debtor | Case No. 19-01386 (ESL Ch. 11) |

## OBJECTION TO MOTIONS REQUESTING ENTRY
## OF ORDER AUTHORIZING LEASE OF MILK QUOTA

**TO THE HONORABLE COURT:**

**NOW COMES** the Puerto Rico Milk Industry Regulatory Office (ORIL under its Spanish language acronym), by and through the undersigned attorneys and for this Objection to Motions Requesting Entry of Order Authorizing Lease of Milk Quota does state and allege as follows.

In the administratively consolidated captioned cases, the debtors Carlos Ortiz, Maribel Rodríguez and Vaquería Ortiz Rodríguez (together "Debtors") have filed two motions requesting entry of an order to authorize them to lease a total of 20 thousand quarts of milk production quota to two other licensed farmers. *See* Dkt. #s 52 and 53. ORIL does not object to the Debtors' requests insofar as the total amount of the leases do not exceed 5,000 quarts of milk quota. But, ORIL does object to any request that would

surpass the legal limit since there has been no showing of the exceptional circumstances under Puerto Rico law that would permit leases of quota that exceed thrice the legal limit.

According to Section 12 of Puerto Rico Milk Industry Production Quota Transactions Registry Act (P.R. Laws Ann. Tit. 5, Sec. 1136), a "milk producer may lease a portion [of] or the total amount of his quota up to a maximum of five thousand (5,000) quarts of milk every fourteen (14) days, provided that both the lessor and the lessee possess a valid license to operate a first class dairy issued by [ORIL]." Section 12 further provides that "[l]easing quotas of more than five thousand (5,000) quarts of milk every fourteen (14) days is hereby prohibited, except in those cases where the dairy production is affected by any catastrophic event or by any cattle disease." Similarly, Regulation 8660 tracks the language of the Production Quota Transactions Registry Act in that "a farmer may lease up to a maximum of 5,000 quarts…". Reg. 8660, Sec. 7(B)(1). Likewise, the quoted regulatory authority provides that "[i]t will only be allowed to be leased in excess of 5,000 quarts when an unforeseen event as defined in th[e] Regulation occurs or in active cases before the U.S. Bankruptcy Court." Id., (B)(3). With regards to cases before this Court, the licensed producer must demonstrate that his leasing of quota in excess of 5,000 quarts serves the purpose of fulfilling the Plan. Id., (B)(8). Although Debtors' motions state that the income generated by the proposed leases would be used to pay down debt, they make no showing of the exceptional circumstances of the law.

ORIL's records show that from January to December 2018 Debtors' dairy farm's production has been relatively compliant with the quality parameters for Grade A milk. Out of 21 milk samples tested in that time period, only four samples have shown a non-compliant parameter. Exhibit 1. Debtors even obtained a commendation from the

Administrator that dispensed with the license renewal fee. Exhibit 2. This year, only 6 samples have been taken to date, with two showing a non-compliant parameter, for which no decommission had been ordered. Exhibit 3. Thus, the Debtors' herd is in relatively good health and produces regulatory compliant raw milk. An exception for cattle disease or herd health would be unwarranted.

ORIL's records show that Debtors own 93,010 quarts of milk quota. Exhibit 4 demonstrates that from January 2018 through the filing of this objection, Debtors' raw milk production has been liquidated at the first liquidation level. ORIL's records also show that from the liquidation period ending on January 9, 2019 through the liquidation period that ended on June 26, 2019, Debtors' dairy farm produced a total of 370,301 quarts of raw milk, with a liquidation value of $287,759.03. Exhibit 4. That is an average of 28,484.69 quarts of raw milk per bi-weekly period, paid at an average of $22,135.31 per bi-weekly period. Debtors produce roughly a third of their owned quota. The quota to production ratio assures that the milk is liquidated at the first level, thus assuring that the price Debtors' receive per quart produced is the highest. An exception to increase production and/or income is also unwarranted since Debtors have enough quota to increase production and increase income and still be compensated within the highest liquidation levels.

There are only two monthly operating reports on record as of the date of the filing of this motion. But, these demonstrate that the current income levels allow the Debtors to operate the business, make payments on their obligations to creditors (be it by direct pay or by cessions[1]), pay for personal expenses and have a positive balance at the end of the

---

[1] ORIL is seeking information related to the voluntary retentions to Debtors' milk receipts in order to compare them with what is reported in the two MORs. Since Debtors' have requested to shorten the

month. *See* Dkt. #s 44 and 45. Although Dkt. #45 shows a small negative balance, it is largely due to a large insurance premium payment.

WHEREFORE, ORIL respectfully requests that this Honorable Court GRANT Debtors' leave to lease no more than 5,000 quarts of milk production quota, and DENY Debtors' motion for leave to lease in excess thereof.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 11th day of July, 2019.

**WE HEREBY CERTIFY** that of this date a true and exact copy of this motion has also been electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF system which will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

*Attorney for the Defendants*
**THE LAW OFFICES OF**
**EDWARD W. HILL**
P.M.B 248
La Cumbre, 273 Sierra Morena
San Juan, P.R. 00926
Tel.:   (787) 294-0033
Fax:   (787) 294-8804


By:   s/ Edward W. Hill
Edward W. Hill
USDC-PR No. 213614

---

objection period to 7 days, ORIL has filed this general objection without the benefit of the identified information and requests that the Honorable Court allow it to supplement the instant objection if necessary.