# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> VAQUERÍA ALMEYDA, INC. <br><br> Debtor | CASE NO. 18-06068 (BKT) <br><br> CHAPTER 12 |

## **INTERIM STIPULATION FOR THE USE OF CASH COLLATERAL**
(Related Docket No. 13, 17)

TO THE HONORABLE COURT:

COME NOW the Debtors and Condado 5, LLC ("Condado" or "Condado 5"), through their respective undersigned counsels, and respectfully state and pray as follows:

Procedural Background

1. On October 17, 2018, the Debtor filed the instant Chapter 12 Bankruptcy Petition. See Docket No. 1.

2. On December 13, 2018, the Debtor filed an *Urgent Application for Authority to Use Cash Collateral* (the "*Urgent Motion*", Docket No. 13). The *Urgent Motion* alleges in essence that the Debtor cannot continue making payments to Condado in the amount of $4,250.00 bi-weekly and instead proposes to significantly decrease such payments to $1,200.00 monthly for the next three months while leaving intact the Debtor's remaining monthly expenses.

3. On December 20, 2018, Condado filed a timely *Opposition to Urgent Application for Authority to Use Cash Collateral* (Docket No. 17).

4. On December 20, 2018, the Parties filed an *Interim Stipulation for the Use of Cash Collateral* (the "*First Stipulation*", Docket No. 20), in which the Parties reached in agreement for the Debtor's use of cash collateral and payment of adequate protection to Condado until July 1, 2019.

5. On January 16, 2019, the Court approved such *First Stipulation*. See Docket No. 25.

6. On July 2, 2019, the Parties filed another *Interim Stipulation for the Use of Cash

*Collateral* (the "*Second Stipulation*", Docket No. 110) for the Debtor's use of cash collateral until September 4, 2019, which the Court approved on July 15, 2019 (Docket No. 115).

7. The Parties have continued negotiations in good faith the use of Condado's cash collateral until October 4, 2019, and hereby submit the terms of their agreement for the Court's approval.

## Stipulation

8. Condado hereby consents to the Debtor's use of its cash collateral retroactively and up to October 4, 2019. In return for such use, the Debtor shall provide adequate protection payments in the amount of $4,000.00 monthly (which shall result in payment of $2,000.00 bi-weekly) from Tres Monjitas and/or Suiza Dairy for the raw milk delivered during the same period.

9. The payments shall be made directly by Tres Monjitas and/or Suiza Dairy to Condado.

10. In addition to the adequate protection payments, the Debtor agrees to use the cash collateral as set forth in the Debtor's budget attached hereto as **Exhibit A**.

11. The adequate protection payments shall begin on the first bi-week of January 2019.

12. The Debtor is not authorized to use Condado's cash collateral other than as stated herein.

13. The Debtor shall not violate the terms of use of Condado's cash collateral. If the Debtor violates the terms of the use of Condado's cash collateral, the Debtor shall be enjoined from using the cash collateral and this agreement shall terminate.

14. The Debtor shall send Condado the report of its milk production from Tres Monjitas and/or Suiza Dairy within five (5) days of its receipt.

15. The Debtor shall provide Condado with a full accounting of the use of the cash proceeds derived from the Debtor's operations upon request. This includes submitting detailed receipts, invoices and financial reports.

16. The termination of this agreement shall not affect or in any way impair any right, interest or lien granted to Condado under this or any other agreement and in the Court's order approving the same. Any security interests granted by the Debtor shall survive any termination of this agreement.

17. Condado's consent to the Debtor's use of its cash collateral, and the stipulations included herein, shall not constitute a waiver of the rights of the Parties under the Loan documents and/or any other related documents executed by and between the appearing Parties. The Parties expressly agree that this agreement shall not constitute a novation or modification of the obligations between the Parties, including without being a limitation, the validity of any and all other collateral and guarantees in favor of Condado.

18. Nothing in the foregoing agreement shall preclude Condado from acting upon or requesting any other available remedies to protect its collateral, including a request for relief of stay and/or any other. Condado reserves the right to act upon or request any other remedy available under applicable law.

19. Debtor acknowledges that Condado has a perfected security interest in its cash collateral.

20. Condado's failure to enforce at any time any of the provisions of this Stipulation shall in no way be construed to be a waiver of said provision or to affect either the validity of this agreement or any part hereof.

21. The following shall constitute an event of events of default and entitle Condado to exercise all of its remedies, and shall cause the automatic, immediate and irrevocable termination of the Debtor's use of Condado's cash collateral under this Stipulation: (1) any representation, warranty or other written statement made by the Debtor, or by an authorized representative of the Debtor, to Condado with regards to the initiation, negotiation, discussion, and/or obtention of this Stipulation proves to have been false or misleading in any material respect when made; or (2) the Debtor's breach of any covenant or obligation contained in the Stipulation or failure to comply with

or failure to perform any of the terms, conditions or covenants or their obligations set forth in the Stipulation, including, but not limited to, the Debtor's inability to make any of the timely payments identified in the instant Stipulation; or (3) the Debtor and/or any of the guarantors shall challenge in any form, way, manner, or action the validity or enforceability of any of the loan documents, the enforceability of the obligations thereunder, or the perfection or priority of any lien in favor of Condado, or if any of the loan documents ceases to be in full force or effect; or (4) a trustee or an examiner shall be appointed in the Bankruptcy Case; or (5) any lien on any of the properties which is *pari passu* with or senior to the claims of Condado shall be granted or the Debtor shall file a motion seeking approval of any such lien; or (6) to the filing of any motion to approve a sale of all or a substantial portion of Debtor's assets without the prior written approval of the secured creditor; or (7) the Debtor's seeking, or the filing of any motion by any other party to obtain, additional or replacement post-petition financing for the Debtor; or (8) the Debtor's failure to comply with any of its adequate protection obligations to Condado under the Stipulation; or (9) the Bankruptcy Case shall be dismissed or converted into a Chapter 7 case; or (10) the commencement of any challenge against Condado's liens, claims, and/or security interests.

22. Notwithstanding anything to the contrary contained in this Stipulation, Condado shall have the right to seek any relief they deem necessary or appropriate before this Court including, but not limited to, a motion seeking adequate protection in addition to those provided in this Stipulation in the event of a change in circumstances, or any defenses thereto by the Debtor.

23. In compliance with PR LBR 9013-1(c), the Parties also request the Court to shorten the objection language hereto to three (3) days because the first payment under this Stipulation is due prior to the lapse of the twenty-one (21) day objection language.

WHEREFORE, the Parties respectfully prays the Court approves this Stipulation and to grant any further relief it deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 28th day of September, 2019.

<u>Shortened Objection Language - PR LBR 9013-1(c)(1)</u>

Within seven (7) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

<u>Certificate of Service</u>

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

*s/ **L.A. Morales***

LYSSETTE MORALES VIDAL
L. A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA 76 AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TEL 787-746-2434
FAX 855-298-2515
Email: lamoraleslawoffice@gmail.com
irma.lamorales@gmail.com

**Ferraiuoli** LLC
Attorneys for Condado
PO Box 195168
San Juan, PR 00919-5168
Phone: 787.766.7000
Fax: 787.766.7001

*/s/ Gustavo A. Chico-Barris*
Gustavo A. Chico-Barris
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/ Camille N. Somoza*
Camille N. Somoza
USDC-PR No. 302908
csomoza@ferraiuoli.com